UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERNOD RICARD USA, LLC,<br><br>        Plaintiff<br><br>v.<br><br>LUXCO, INC.,<br><br>        Defendant | 10 Civ 1567 (PAC) |

## DEFENDANT LUXCO, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Phone: (212) 554-7800
Facsimile: (212) 554-7700

and

Michael R. Annis (*pro hac vice application pending*)
Alan S. Nemes (*pro hac vice application pending*)
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
Saint Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

*Attorneys for Defendant Luxco, Inc.*

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... i

Table of Cases and Other Authorities ........................................................................... ii

Introduction ................................................................................................................... 1

Argument ...................................................................................................................... 2

    I.    Legal Standard ............................................................................................ 2

    II.    Pernod's Failure to Plead a "Precise Expression" of its Trade Dress is Fatal to its Trade Dress Claims (Counts I, II, and IV) ........................ 3

    III.    Pernod's Federal Dilution Claim (Count IV) Fails Because Plaintiff Has Not Sufficiently Alleged the Element of Fame. ........................................ 5

    IV.    Pernod's State Law Claims (Counts III, V, VI, and VII) Should be Dismissed for the Same Reasons Counts I, II and IV, and for Failure to Plead Essential Elements ........................................................... 8

Conclusion .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Federal Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 1, 2

*Custom Wigs, Inc. v. Aggie Wigs*, 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006) ............... 3

*DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403 (S.D.N.Y. 2009) ..................... 3

*Eliya, Inc. v. Kohl's Dept. Stores*, 2006 U.S. Dist. LEXIS 66637 (S.D.N.Y. 2006) ............. 7

*Information Superhighway, Inc. v. Talk Am., Inc.*, 395 F. Supp. 2d 44 (S.D.N.Y. 2005) ..... 8

*Jeffrey Millstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 33 (2d Cir. 1995) ............. 4

*Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063 (2d Cir. 1995) ......... 3

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*,
292 F. Supp. 2d 535 (S.D.N.Y. 2003) .................................................................................. 5, 9

*Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*,
198 F. Supp .2d 474 (S.D.N.Y. 2002) ................................................................................... 7, 8

*Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556
(S.D.N.Y. 2009) ......................................................................................................................... 3

*Network v. CBS, Inc.*, 2000 WL 362016 (C.D. Cal. 2000) ...................................................... 6

*Savin Corp. v. Savin Group*, 391 F.3d 439, 449 (2nd Cir. 2004),
*cert. denied*, 552 U.S. 827 (2007) ............................................................................................. 6

*Sherwood 48 Assoc. v. Sony Corp. of Am.*, 76 Fed. Appx. 389 (2d Cir. 2003) ............... 1, 3, 4, 8

*TCPIP Holding Co., Inc. v. Harr Comm., Inc.*, 244 F.3d 88 (2d Cir. 2001) ........................ 6

*Telebrands Corp. v. Del Labs, Inc.*, 2010 U.S. DIST. LEXIS 62041
(S.D.N.Y. 2010) ......................................................................................................................... 8

*U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158 (S.D.N.Y. 2001) ..................... 7

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) ............................................ 3

**Federal Rules**

Fed. R. Civ. P. 8(a)(2) .............................................................................................................. 2

**State Statutes**

New York General Business Law §349 .................................................................................. 9

**Treatise and Secondary Sources**

MCCARTHY ON TRADEMARKS, §24:103 ................................................................................. 6

Defendant, Luxco, Inc. ("Luxco" or "Defendant"), submits this memorandum of law in support of its motion to dismiss the Amended Complaint of Plaintiff, Pernod Ricard USA, LLC ("Plaintiff" or "Pernod").

## INTRODUCTION

In its Amended Complaint, Plaintiff alleges that Luxco has infringed or otherwise violated its "trade dress," but fails to describe the specific trade dress at issue in each of its causes of action. The Second Circuit has expressly held that a plaintiff asserting claims predicated on purported rights in a "trade dress" must, in its complaint, provide "a precise expression" of the alleged trade dress. S*herwood 48 Assoc. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003).[1]

Instead of actually identifying the specific metes and bounds of the trade dress at issue in each of its causes of action, Plaintiff submits a pleading that includes incomplete and shifting descriptions of the purported trade dress preventing Luxco from understanding what it is that Luxco is purportedly infringing, diluting or unfairly competing against. According to Plaintiff, its trade-dress at issue in any of the pleaded causes of action may consist of the following characteristics or elements:

- A white bottle **and** brown cap **and** brown font **and** descriptive phrases such as "Caribbean Rum" (Amended Complaint, Attached as Ex. 1 to the Aff. of Phillipe Zimmerman, at ¶ 3); and/or

- A white bottle (regardless of the shape of the bottle), **and** a brown cap, **and** the word MALIBU in a brown font; (*Id.* at ¶ 13); and/oro

- A white bottle **and** brown cap **and** brown font in combination (*Id.* at ¶¶ 22, 29 and 32); and/or

- A white bottle **and** brown cap combination (*Id.* at ¶¶ 31, 33); and/or

---

[1] This requirement pre-dates the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

1

- A white bottle alone. (*Id.* at ¶¶ 25, 30.).

Plaintiff's shifting expression of its purported trade dress is nothing more than a shell game to prevent Luxco from defending against Plaintiff's pleaded claims -- what ever those happen to be. As established in *Sherwood 48 Assoc.* and discussed more fully below, Luxco must know the precise boundaries of Plaintiff's alleged trade dress for each of its causes of action in order to answer and defend the same. References to unspecified or undefined trade dress -- after providing nearly half a dozen inconsistent descriptions -- are insufficient in the Second Circuit. This issue alone is dispositive of all counts in Pernod's Amended Complaint.

In addition, Plaintiff fails to plead each of the *required* elements of its dilution claim (Count IV). Specifically, Plaintiff in its complaint does not offer anything other than legal conclusions that its amorphous trade dress is famous.

## ARGUMENT

### I. LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege facts that form a basis for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Because Fed. R. Civ. P. 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "a plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation omitted). Stated differently, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

II. **PERNOD'S FAILURE TO PLEAD A "PRECISE EXPRESSION" OF ITS TRADE DRESS IS FATAL TO ITS TRADE DRESS CLAIMS (COUNTS I, II, AND IV).**

A complaint alleging trade dress infringement, and related tort claims depending on trade dress infringement, must provide a "precise expression of the character and scope of the claimed trade dress." *See Sherwood 48 Assoc.*, 76 Fed. Appx. at 391 (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir.1997)). "Trade dress," as a term of art, "encompasses a broad concept of how a product presented to the public looks, including its color, design, container, and **all** the elements that make up its total appearance." *Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063, 1069 (2d Cir. 1995) (emphasis added).

A plaintiff is required plead a "precise expression" of the metes and bounds of its alleged intellectual property so that a defendant, as well as competitors in the marketplace, can understand the scope of a plaintiff's alleged intellectual property. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001) (noting that "if a court is unable to identify what types of designs will infringe a trade dress, how is a competitor ... to know what new designs would be subject to challenge?").

Similarly, and perhaps more importantly, "[c]ourts will ... be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection." *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 407 n.3 (S.D.N.Y. 2009) (quoting *Yurman Design, Inc.*, 262 F.3d at 116). In fact, the inability of a plaintiff to plead a "precise expression" of its claimed trade dress is evidence that the claimed right does not deserve protection and the Plaintiff does not have claims. *Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 561 (S.D.N.Y. 2009) (dismissing with prejudice plaintiff's dress infringement claims for failure to offer "a precise expression of the character and scope of the claimed trade dress...") (internal quotation omitted); *Custom Wigs, Inc. v. Aggie Wigs*, 2006 WL

3

3335008 *5 (E.D.N.Y. Nov. 17, 2006) (dismissing trade dress claims as overly broad); *Jeffrey Millstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 33 (2d Cir. 1995) ("[J]ust as copyright law does not protect ideas but only their concrete expression, neither does trade dress law protect an idea, a concept, or a generalized type of appearance.").

The Second Circuit's decision in *Sherwood 48 Assoc.* is instructive and controlling. In that case, the owners and licensees of advertising space on iconic buildings located in Times Square brought a claim for trade dress infringement based on alleged misuse of the iconic buildings by Sony. 76 Fed. Appx. at 390. Specifically, the plaintiff's buildings appeared in the motion picture *Spiderman II*, but the actual advertisements appearing on the buildings were replaced with substitute advertisements in the movie. *Id.* The plaintiff alleged trade dress infringement, identifying the trade dress as "the configuration and ornamentation of each building," and/or "the advertising and signage display on each building," and/or "the appearance of each building stripped of the specifics of their signage." *Id.* at 391. The Second Circuit affirmed the district court's dismissal of the plaintiff's infringement claims with prejudice for failure to state a claim, reasoning that plaintiff's Amended Complaint did not meet the circuit's requirement that a party alleging trade dress infringement provide a "precise expression of the character and scope of the claimed trade dress" in its complaint. *Id.*

Pernod's Amended Complaint suffers from precisely the same defect the Second Circuit identified in *Sherwood 48 Assoc.* At various points in its Amended Compliant, Plaintiff implies that it owns trade dress rights in some unspecified configuration of the following:

- A white bottle/brown cap/brown font combination with descriptive phrases such as "Caribbean Rum" (Amended Complaint, ¶ 3); and/or

- A white bottle (regardless of the shape of the bottle), a brown cap, and the word MALIBU in a brown font; (*Id.* at ¶ 13); and/or

4

- A white bottle/brown cap/brown font combination (*Id.* at ¶¶ 22, 29 and 32); and/or

- A white bottle and brown cap combination (*Id.* at ¶¶ 31, 33); and/or

- A white bottle[2] stripped of any other characteristic. (*Id.* at ¶¶ 25, 30).

These shifting and amorphous descriptions of various trade dresses are not only confusing, they violate Plaintiff's obligation to provide a "*precise* expression" of its alleged intellectual property rights, *i.e.* Plaintiff's alleged trade dress.

In the end, Plaintiff's shifting description of its claimed trade dress prevent the parties and the court from "know[ing] exactly which particular combination of numerous elements claimed would trigger trade dress protection." *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 545 (S.D.N.Y. 2003). Plaintiff's failure to articulate the "precise" metes and bounds of its trade dress violates the settled law of this Circuit. This imprecise pleading has the potential to exponentially increase the complexity of the case, discovery costs, and discovery disputes. Accordingly, Plaintiff's claims for trade dress infringement and dilution (Counts I, II, and IV) should be dismissed.

### III. PERNOD'S FEDERAL DILUTION CLAIM (COUNT IV) FAILS BECAUSE PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED THE ELEMENT OF FAME.

Even assuming, *arguendo*, Plaintiff had sufficiently pleaded the metes and bounds of its trade dress, Plaintiff's claim for federal trade dress dilution under Section 43(c) of the Lanham Act (Count IV) fails to state a claim upon which relief may be granted for additional reasons. In particular, to support its federal trade dress dilution claim (Count IV), Plaintiff contends in conclusory fashion that its trade dress is "famous." *See* Amended Complaint, ¶¶ 45 & 47.

---

[2] Apparently, Plaintiff "expects to prove at trial[ ] that the opaque white color of the bottle itself" is, standing alone, their trade dress. (Pl. D. Bernstein Letter to the Court (1/4/2011), Attached as Ex. 2 to the Aff. of Phillipe Zimmerman, at p. 2). If the white bottle is the real issue, Plaintiff should just plead accordingly. If it is not, Plaintiff should identify which combination of elements it is alleging constitute its protectable trade dress.

Plaintiff has not sufficiently pleaded that "fame" as it applies to its amorphous trade dress at issue in this Count. Accordingly, Plaintiff has not pleaded the elements necessary for a dilution claim under Section 43(c), and this count should be dismissed.

Section 43(c) of the Lanham Act allows "the owner of a famous mark" to maintain an action for dilution. "Fame" is an essential element for a dilution claim under the Lanham Act. *Savin Corp. v. Savin Group*, 391 F.3d 439, 449 (2d Cir. 2004), *cert. denied*, 552 U.S. 827 (2007). The Second Circuit has instructed that "Congress envisioned that marks would qualify as 'famous' only if they carried a *substantial degree of fame*." *TCPIP Holding Co., Inc. v. Harr Comm., Inc.*, 244 F.3d 88, 99 (2d Cir. 2001) (emphasis added). Section 43(c) itself defines a mark as famous only if it is "widely recognized by the general consuming public." Therefore, "a plaintiff owning only less-than-famous marks will receive no protection under [Section 43(c)], even if that plaintiff can prove that the use of an identical junior mark has in fact lessened the capacity of the senior mark to identify and distinguish the plaintiff's goods or services – *i.e.*, that actual dilution has occurred." *Savin Corp.*, 391 F.3d at 449, n.5.

In addition, in order to plead its trade dress dilution claim under Section 43(c), Plaintiff must allege (and ultimately establish) that its trade dress was famous prior to the time Luxco commenced use of the allegedly infringing trade dress. *See* Section 43(c)(1) (the owner of a famous mark is entitled to injunctive relief "against another person, who, at any time *after the owner's mark has become famous*, commences use of a mark or trade name in commerce that is likely to cause dilution." (emphasis added). In other words, "Section 43(c)(1) requires that the accused must have 'commenced' [use of a mark in commerce] after the date that the plaintiff's mark became famous." MCCARTHY ON TRADEMARKS, §24:103; *see also Network v. CBS, Inc.*,

6

2000 WL 362016 (C.D. Cal. 2000) (concurring with analysis and granting summary judgment of no dilution).

Here, Plaintiff fails to allege that its "diluted" trade dress—whichever it is—was famous prior to the commencement of Luxco's allegedly diluting trade dress. Because Plaintiff has not pleaded any facts that would support its claim that its trade dress was "famous" prior to the relevant date which Plaintiff must meet for purposes of a Section 43(c) dilution claim, Plaintiff has not pleaded the Lanham Act's requirement that its alleged trade dress be famous *before* a competitor begins use of a competing product in order to qualify for anti-dilution protection. Therefore, Plaintiff falls short of the requirements necessary to maintain a claim for dilution under the Lanham Act and, accordingly, Count IV should be dismissed.

### IV. PERNOD'S STATE LAW CLAIMS (COUNTS III, V, VI, and VII) SHOULD BE DISMISSED FOR THE SAME REASONS COUNTS I, II AND IV, AND FOR FAILURE TO PLEAD ESSENTIAL ELEMENTS.

Plaintiff's state law claims fall with its Federal Claims for lack of supplemental jurisdiction. *See Sherwood 48 Assoc.*, 76 Fed. Appx. at 391-92 (directing district Court to dismiss state law claims after dismissing Lanham Act claims). In any case, each of the State law claims rely on Plaintiff's insufficient pleading of trade dress, and fail for that reason as well. *See U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 178 (S.D.N.Y. 2001) ("A common law trade dress infringement claim is analyzed in the same manner as a trade dress claim under the Lanham Act, including the requirements of proof of secondary meaning.") (internal citation omitted); *Eliya, Inc. v. Kohl's Dept. Stores*, 2006 U.S. Dist. LEXIS 66637 at *17 (S.D.N.Y. 2006) (same); *Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486 (S.D.N.Y. 2002) (dismissing state law claim for trademark dilution when plaintiff could not articulate trade dress that was both distinctive and well-known to the public); *see also*

*Information Superhighway, Inc. v. Talk Am., Inc.*, 395 F. Supp. 2d 44, 56 (S.D.N.Y. 2005) ("The elements necessary to prevail on common law causes of action for trademark infringement and unfair competition mirror Lanham Act claims."); *Telebrands Corp. v. Del Labs, Inc.*, 2010 U.S. DIST. LEXIS 62041 at *39 (S.D.N.Y. 2010) (dismissing state law claim for unfair competition based on failure of federal claim for same).

In addition, Plaintiff's claim alleging deceptive acts and practices in violation of New York General Business Law §349 fails as a matter of law. "'Claims that arise out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial' for purposes of a claim under §349." *Maharishi Hardy Blechman Ltd.*, 292 F. Supp. 2d at 552 (S.D.N.Y. 2003) (dismissing claim for unfair business practices and quoting *Gucci America, Inv. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); *See also Nat'l Distillers Prods. Co., LLC*, 198 F. Supp. 2d at 486-87 (S.D.N.Y. 2002) ("It is well settled, however, that trademark or trade dress infringement claims are not cognizable under [§§ 349 and 350 of the New York General Business Law] unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution.").

In short, each of Plaintiff's state law claims fail either because they are dependant on Plaintiffs' federal claims or because they lack a critical element necessary to maintain the action. Accordingly, Plaintiff's state law claims should be dismissed.

8

## **CONCLUSION**

For the foregoing reasons, Defendant, Luxco, Inc., respectfully requests that each of Plaintiff's claims be dismissed in their entirety.

Dated: January 21, 2011

> Respectfully submitted,
>
> MOSES & SINGER LLP
>
> By: ___/s/_____
> Philippe Zimmerman
> The Chrysler Building
> 405 Lexington Avenue
> New York, New York 10174
> Telephone: (212) 554-7800
> Facsimile: (212) 554-7700
>
> and
>
> Michael R. Annis
> (*pro hac vice application pending*)
> Alan S. Nemes
> (*pro hac vice application pending*)
> Husch Blackwell Sanders LLP
> 190 Carondelet Plaza, Suite 600
> St. Louis, MO 63105
> Telephone: (314) 480-1500
> Facsimile: (314) 480-1505
>
> *Attorneys for Defendant, Luxco, Inc.*