# EXHIBIT 2

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Philippe A. Zimmerman
Direct: 212.554.7895  Fax: 917.206.4395
pzimmerman@mosessinger.com

December 30, 2010

**VIA EMAIL**
CrottyNYSDChambers@nysd.uscourts.gov

Hon. Paul A Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:   ***Pernod Ricard USA, LLC v. Luxco, Inc.* - 10 Civ 1567 (TTY)**
            Defendant's Request for Pre-Motion Conference
            Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6)

      We are co-counsel for defendant Luxco, Inc. ("Luxco") in the referenced matter.

      Pursuant to your Individual Practice Rule 3A, we write on behalf of Luxco to request a pre-motion conference. Luxco's time to answer or otherwise respond to the Amended Complaint of plaintiff, Pernod Ricard USA, LLC ("Pernod" or "Plaintiff"), is currently **December 31, 2010.** It is our understanding that, pursuant to Individual Practice Rule 3B, this letter preserves Luxco's time to answer or otherwise respond to the Amended Complaint.

      By this letter, Luxco advises the Court of its intention to file a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief may be granted. Each and every cause of action (or count) pleaded by Plaintiff in the instant action is centered upon the concept of "trade dress." As is more fully addressed below, the specific "trade dress" Plaintiff is alleging in its various causes of action has not been properly defined to sufficiently plead a claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face... Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations omitted), and *National Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F.Supp.2d 556, 561 (S.D.N.Y. 2009) (dismissing plaintiff's trade dress claims with prejudice for failure to define the character and scope of the claimed trade dress). Accordingly, each and every of Plaintiff's pleaded causes of action fails to state a claim for which relief may be granted and must be dismissed.

854867v2  012825.0101

## MOSES & SINGER LLP

Hon. Paul A Crotty
December 30, 2010
Page 2

### Counts I and II (Federal "Trade Dress" Infringement/Unfair Competition)

At the heart of the deficiencies in Plaintiff's Amended Complaint is Plaintiff's failure to properly define the scope and nature of the "trade dress" it contends that Luxco infringes or otherwise falsely designates. The law in this Circuit is clear: in order to maintain a claim for trade dress infringement in product packaging, a plaintiff "must precisely articulate the specific elements that comprise its distinct trade dress, so that the courts can evaluate claims of infringement and fashion relief that is appropriately tailored to the distinctive combination of elements that merit protection." *Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F.Supp.2d 60, 69 (S.D.N.Y. 2003) (citing *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2nd Cir. 1997)). Moreover, a complaint that fails to articulate the exact outlines of the allegedly infringed "trade dress" in its opening pleading is subject to dismissal. *See Nat'l Lighting Co.*, 601 F.Supp.2d at 561.

Here, at various times throughout its Amended Complaint, Plaintiff appears to assert that it owns and is asserting "trade dress" rights in a packaging design consisting of a white bottle, brown cap, and brown font combination. *See* Amended Complaint at ¶ 22, 29, and 32. At other points, Plaintiff appears to assert "trade dress" rights in a packaging design consisting merely of a white bottle and brown cap combination. *Id.* at ¶ 31 and 33. Yet, at still other points, Plaintiff implies that it has and is asserting "trade dress" rights in a white bottle design standing alone. *Id.* at ¶ 25 and 30. In its individual causes of action, Plaintiff fails to identify which of these alleged "trade dresses," if any, are at issue in this action. Moreover, each of these alleged "trade dresses" is in some meaningful way inconsistent with Plaintiff's trade dress registration on file with the United States Patent and Trademark Office.

Plaintiff's failure to define the outlines of its supposedly protected trade dress places Luxco and the general public in the position of not knowing which design aspects Plaintiff believes are entitled to protection and are otherwise purportedly infringed.

### Count IV (Federal "Trade Dress" Dilution)

Plaintiff maintains that its packaging trade dress is "famous and distinctive" in support of its claim for trade dress dilution under the Lanham Act. Because Plaintiff can show neither the necessary requirements for fame nor those for distinctiveness as needed to maintain an action for dilution under the Lanham Act, Count IV of the Amended Compliant should be dismissed.

In order for mark to qualify for protection under the anti-dilution provisions of Section 43(c), the alleged "trade dress" must be distinct. Plaintiff claims that its alleged trade dress is both inherently distinctive and that it has acquired a high degree of distinctiveness. *See* Amended Complaint at ¶ 45. Yet the Supreme Court has held that use of color alone cannot serve as an inherently distinctive mark. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 162-63 (1995). *See also Deere & Co. v. MTD Holding, Inc.*, 2003 WL 22439778 at *2 (S.D.N.Y. 2003) (holding that "a combination of colors ... can never be inherently distinctive" and denying

854867v2  012825.0101

**MOSES & SINGER LLP**

Hon. Paul A Crotty
December 30, 2010
Page 3

plaintiff's motion to amend its complaint as futile after initial dismissal of plaintiff's federal dilution claims). Plaintiff's claimed "trade dress," again vaguely pleaded, apparently consists of some combination of the colors white and brown, or simply the color white standing alone. Such alleged "trade dress" cannot, as a matter of law, qualify as inherently distinctive. Moreover, Plaintiff cannot demonstrate acquired distinctiveness in its claimed trade dress. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.* 529 U.S. 205, 211 (2000) ("[A] mark has acquired distinctiveness ... if it has developed secondary meaning, which occurs when in the minds of the public, *the primary significance* of a [mark] is to identify the source of the product rather than the product itself) (internal citation omitted) (emphasis added).

In addition, Plaintiff's alleged "trade dress," as vaguely and inconsistently pleaded, is not famous as defined by the Lanham Act. Section 43(c)(1) of the Lanham Act entitles the owner of a famous mark to seek injunctive relief "against another person, who, at any time *after the owner's mark has become famous*, commences use of a mark or trade name in commerce that is likely to cause dilution." (emphasis added). In other words, "Section 43(c)(1) requires that the accused must have 'commenced' [use of it alleged offensive trade dress in commerce] after the date that the plaintiff's [trade dress] became famous." MCCARTHY ON TRADEMARKS, §24:103. Because Plaintiff has not pleaded any facts that would support its contention that its claimed trade dress was "famous" prior to Luxco's first use of the alleged trade dress, Plaintiff cannot meet Section 43(c)'s requirement that its claimed trade dress was famous *before* a competitor began use of a competing product.

**Counts III, V, VI, and VII (State Claims for "Trade Dress" Infringement and Dilution, Deceptive Acts and Practices, and Unfair Competition)**

Plaintiff's claims for "trade dress" infringement and dilution under state law fall short of the requirements necessary to maintain a cause of action for the same reasons as listed above. In particular, Plaintiff fails to define the precise nature and scope of its allegedly protected trade dress necessary to maintain its state law claims. Because of these omissions, Plaintiff's state law claims fail to state a cause of action for which relief may be granted.

For the reasons set forth above, Defendant Luxco, Inc. respectfully requests a pre-motion conference with this Court regarding its contemplated Motion to Dismiss Plaintiff's Amended Complaint.

Very truly yours,

*Philippe Zimmerman*
Philippe Zimmerman

cc:     David R. Bernstein, Esq., Attorney for Plaintiff Pernod Ricard USA, LLC
        Alan S. Nemes, Esq., Attorney for Defendant Luxco, Inc.
        Michael R. Annis, Esq. Attorney for Defendant Luxco, Inc.

854867v2  012825.0101