UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
          :
PERNOD RICARD USA, LLC,
          :
        Plaintiff,    :
          :
      v.    :    10 Civ. 1567 (PAC)
          :    ECF CASE
LUXCO, INC.,
          :
        Defendant.    :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PERNOD RICARD USA, LLC'S
MEMORANDUM OF LAW IN OPPOSITION
TO LUXCO, INC.'S MOTION TO
DISMISS THE AMENDED COMPLAINT**

                  David H. Bernstein
                  (dhbernstein@debevoise.com)
                  S. Zev Parnass
                  (szparnass@debevoise.com)
                  Christopher J. Hamilton
                  (cjhamilton@debevoise.com)
                  DEBEVOISE & PLIMPTON LLP
                  919 Third Avenue
                  New York, New York 10022
                  (212) 909-6696 (telephone)
                  (212) 521-7696 (facsimile)

                  *Attorneys for Plaintiff Pernod Ricard
                  USA, LLC*

Dated:  New York, New York
         February 4, 2011

**TABLE OF CONTENTS**

                                                Page

Preliminary Statement ............................................................................................................... 1

Argument ................................................................................................................................... 3

    I.       Legal Standard ............................................................................................................ 3

    II.      Pernod Ricard Has Sufficiently Articulated The Elements Of The MALIBU® Trade Dress ................................................................................................ 3

    III.     Pernod Ricard Has Pleaded Fame As An Element Of Its Federal Trade Dress Dilution Claim .................................................................................................. 7

    IV.     Pernod Ricard Has Adequately Pleaded Its State Law Claims ............................... 11

Conclusion ............................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Abbott Laboratories v. Unlimited Beverages, Inc.*, 218 F.3d 1238 (11th Cir. 2000) ......................6

*Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ............................................................3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .......................................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..................................................................3, 9

*Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F. Supp. 2d 60 (S.D.N.Y. 2003)...................3, 5

*Burberry Ltd. v. Designers Imports, Inc.*, No. 07 Civ. 3997(PAC), 2010 WL 199906
    (S.D.N.Y. Jan. 19, 2010)....................................................................................................11

*DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403 (S.D.N.Y. 2009) ...............................6

*Elements/Jill Schwartz, Inc. v. Gloriosa Co.*, No. 01 Civ. 904(DLC), 2002 WL 1492197
    (S.D.N.Y. July 15, 2002) ....................................................................................................6

*Famous Horse Inc. v. 5th Avenue Photo Inc.*, 624 F.3d 106 (2d Cir. 2010) ...................................3

*Fiji Water Co. v. Fiji Mineral Water USA LLC*, No. SACV09-1148 CJC MLGX, 2010
    WL 3835673 (C.D. Cal. Sept. 30, 2010) ...........................................................................6

*Fruit-Ices Corp. v. Coolbrands International Inc.*, 335 F. Supp. 2d 412 (S.D.N.Y. 2004) ............5

*GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234 (S.D.N.Y. 2000) .....................11

*GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273 (S.D.N.Y. 2002) ..................................11

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27 (2d Cir. 1995)..............................6

*Karam Prasad, LLC v. Cache, Inc.*, No. 07 Civ. 5785 (PAC), 2007 WL 2438396
    (S.D.N.Y. Aug. 27, 2007) .................................................................................................11

*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997).............................6

*Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co*., 631 F. Supp. 735 (S.D.N.Y. 1985) ............11

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368 (S.D.N.Y. 2008) ...........9

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535
    (S.D.N.Y. 2003).................................................................................................................6

*Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063 (2d Cir. 1995) ................... 6

*National Lighting Co. v. Bridge Metal Industries, LLC*, 601 F. Supp. 2d 556 (S.D.N.Y. 2009) ............................................................................................................................. 5, 6

*Network Network v. CBS, Inc.*, No. CV 98-1349 NM(ANX), 2000 WL 362016 (C.D. Cal. Jan. 18, 2000) ................................................................................................................. 10

*Nora Beveragess, Inc. v. Perrier Grp. of America Inc.*, 164 F.3d 736 (2d Cir. 1998) ................ 5, 6

*Pfizer Inc. v. L. Perrigo Co.*, 988 F. Supp. 686 (S.D.N.Y. 1997) ...................................................... 6

*Sally Beauty Co. v. BeautyCo, Inc.*, 304 F.3d 964 (10th Cir. 2002) ................................................. 6

*Savin Corp. v. Savin Group*, 391 F.3d 439 (2d Cir. 2004) ............................................................ 10

*SB Ice, LLC v. MGN, LLC*, No. 08 Civ. 3164 (DLC), 2008 WL 4682152 (S.D.N.Y. Oct. 20, 2008) .............................................................................................................................. 3

*Shelby v. Factory Five Racing, Inc.*, 684 F. Supp. 2d 205 (D. Mass. 2010) ................................... 8

*Sherwood 48 Associates v. Sony Corporation of America*, 76 F. App'x 389 (2d Cir. 2003) .......... 7

*Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657(JG), 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006) ................................................................................................... 6

*TCPIP Holding Co. v. Harr Communications, Inc.*, 244 F.3d 88 (2d Cir. 2001) ........................... 9

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ........................................................... 4

*Vitabiotics, Ltd. v. Krupka*, 606 F. Supp. 779 (E.D.N.Y. 1984) .................................................... 11

*Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752 (N.D. Ill. 2008) ......................................... 9

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000) ................................................ 5

*WMH Tool Group, Inc. v. Woodstock International, Inc.*, No. 07 C 3885, 2007 WL 4117738 (N.D. Ill. Nov. 14, 2007) ................................................................................ 9, 10, 11

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) ...................................................... 6

**STATUTES**

15 U.S.C. § 1125(c)(2)(A) ............................................................................................................... 8

New York General Business Law § 349 ........................................................................................ 11

**OTHER AUTHORITIES**

FED. R. CIV. P. 8 ........................................................................................................................... 4

FED. R. CIV. P. 15(a) ................................................................................................................... 12

Plaintiff Pernod Ricard USA, LLC ("Pernod Ricard") respectfully submits this brief in opposition to the Motion to Dismiss filed by defendant Luxco, Inc. ("Luxco" or "defendant").

**Preliminary Statement**



Pernod Ricard brought this trade dress infringement action to put a halt to Luxco's unlawful campaign to deceive consumers into purchasing its Admiral Nelson's coconut rum (pictured at far right) (the "Challenged Product") under the mistaken belief that it is associated with Pernod Ricard's market-leading MALIBU® line of flavored rums.

Pernod Ricard sells its MALIBU® flavored rums in a distinctive trade dress (pictured above at near right). The most distinctive and recognizable element of that trade dress is its opaque white bottle. Other elements of the MALIBU® bottle design that help consumers recognize and identify MALIBU® rums include its brown cap and brown font. Amended Complaint ¶ 3. Since its introduction in 1983, MALIBU® flavored rums have achieved renown in the industry, the press, and among consumers, and have enjoyed a high level of commercial success, much of which is attributable to the iconic trade dress. *Id.* ¶¶ 11, 12. The MALIBU® trade dress is registered with the United States Patent and Trademark Office (the "PTO") as United States Trademark Registration No. 3,393,773. *Id.* ¶ 13 & Ex. A. In addition, the white bottle and brown cap is the subject of United States Trademark Application Serial No. 77/649,693, which was approved for publication by the PTO. *Id.* ¶ 14 & Ex. B.

Luxco introduced the current trade dress for its Admiral Nelson's coconut rum product in or about 2007. *Id.* ¶ 30. Before then, its rum was sold in the trade dress shown at far right, which also used an opaque white bottle, but included a primarily blue-green color scheme and a white cap, which resulted in a look less similar to the trade dress for MALIBU® rums. *Id.* On information and belief, Luxco changed the trade dress to the white-and-brown color scheme in order to take advantage of the  renown of the MALIBU® trade dress. *Id.* The striking similarities between Pernod Ricard's MALIBU® trade dress and the trade dress of the current Admiral Nelson's coconut rum make it likely that consumers will buy the Infringing Product under the mistaken belief that it comes from, is sponsored or licensed by, or is associated or affiliated with, Pernod Ricard. *Id.* ¶ 22.

Defendant's principal argument for dismissal is that the Amended Complaint does not adequately specify the MALIBU® trade dress, despite the fact that the Amended Complaint repeatedly identifies the key elements of the MALIBU® trade dress as the opaque white bottle, and also a brown cap and the use of a brown font for the product name and descriptive phrases. Contrary to defendant's argument, the Amended Complaint's occasional references to individually protectable elements of the trade dress, namely the white bottle alone, do not undermine Pernod Ricard's trade dress claims. The Amended Complaint puts defendant on notice of the claimed infringement and dilution of Pernod Ricard's trade dress. That is all that is required. Defendant's arguments regarding Pernod Ricard's federal trade dress dilution claim and state law claims are equally unavailing.

2

## Argument

### I. Legal Standard

On a motion to dismiss, the Court should "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).[1]

### II. Pernod Ricard Has Sufficiently Articulated The Elements Of The MALIBU® Trade Dress

Contrary to Luxco's assertions, Pernod Ricard has "precisely articulate[d] the specific elements that comprise its distinct trade dress." *Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F. Supp. 2d 60, 69 (S.D.N.Y. 2003). Defendant's argument that Pernod Ricard has not adequately defined the trade dress at issue in this case ignores the applicable pleading standard, which requires only that the Amended Complaint plead sufficient facts to put defendant on notice of Pernod Ricard's claims. *See, e.g., SB Ice, LLC v. MGN, LLC*, No. 08 Civ. 3164 (DLC), 2008 WL 4682152, at *1 (S.D.N.Y. Oct. 20, 2008) (noting that "Rule 8 is fashioned in the interest of fair and reasonable notice").

---

[1] Defendant's citation to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), is beside the point. In its follow-up decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that *Twombly* set up a "two-pronged approach." First, mere conclusory statements are not sufficient for a complaint to survive a motion to dismiss. 129 S. Ct. at 1949. Second, in order to survive a motion to dismiss, a complaint must "state[] a plausible claim for relief." *Id.* at 1950. Neither of those points is relevant to whether the Amended Complaint adequately identifies the MALIBU® trade dress. Pernod Ricard has not included "mere conclusory statements"; rather, it has provided detailed, factual allegations supporting its claims. Similarly, Pernod Ricard has properly articulated "plausible claim[s] for relief" under the Lanham Act and state law. Nor do those Supreme Court cases bolster defendant's other arguments. The Second Circuit already has concluded that neither *Twombly* nor *Iqbal* "require[s] the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010).

The Amended Complaint clearly identifies the elements of the MALIBU® trade dress used by defendant on its infringing Admiral Nelson's bottle as follows: "(i) an identical opaque white color; (ii) a brown cap; and (iii) a similarly-colored brown font for the product name and descriptive phrases such as 'Caribbean rum.'" Amended Complaint ¶ 3. The Amended Complaint makes clear throughout that these are the defining elements of the MALIBU® trade dress:

> All MALIBU® rums are packaged in the same distinctive and highly successful packaging: an opaque white bottle topped by a brown cap and featuring a brown font for the words on the label. This trade dress, characterized by the white bottle, brown cap and brown font, makes Pernod Ricard's MALIBU® brand distinguishable from the sea of typical rum bottles.

*Id.* ¶ 11; *see also id.* ¶ 13 ("the trade dress specifically includes the white color of the bottle (regardless of the shape of the bottle), as well as a brown cap and the word MALIBU® in a brown font"); ¶ 34 ("[t]he MALIBU® trade dress design mark … includes an opaque white bottle, a brown cap and a brown font for the words on the label"); ¶ 22; ¶ 29; ¶ 36; ¶ 46. Pernod Ricard thus has satisfied the pleading standard for articulating the elements of its trade dress. *See generally Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 765 n.1 (1992) (noting that trade dress "may include features such as size, shape, color or color combinations, texture [or] graphics").

Luxco argues that Pernod Ricard has provided inconsistent characterizations of its trade dress. The speciousness of defendant's argument is evident from the fact that the so-called "shifting and amorphous descriptions" it identifies (Def. Br. 5) are all variations of the same few elements. Each of the five descriptions identified by defendant mentions a white bottle, which is the central, defining element of the MALIBU® trade dress. Four of the five mention a brown

4

cap.  Three of the five mention the use of a brown font.  These descriptions are hardly shifting or inconsistent, and clearly put defendant on notice of the key elements of the MALIBU® trade dress at issue in this case.  Pernod Ricard is not, in any case, required to limit its infringement claim to only a single trade dress, and Pernod Ricard does expect to prove at trial that the opaque white color of the bottle itself serves as a powerful source identifier of MALIBU® brand products (though the defendant's additional copying of the brown cap and brown font makes confusion even more likely, and also is indicative of defendant's intention to cause such confusion).  *Nora Bevs., Inc. v. Perrier Grp. of Am. Inc.*, 164 F.3d 736, 744 (2d Cir. 1998) ("the court … may consider the total package and/or its individual elements including bottle shape").

If anything, Pernod Ricard has articulated its trade dress even more precisely than did the plaintiff in *Best Cellars*.  There, the court found that Best Cellars' identification of elements of its trade dress, including "eight colors differentiating taste categories," "shelf talkers positioned at eye level," and "no fixed aisles," sufficiently described the plaintiff's protectable trade dress. *Best Cellars*, 320 F. Supp. 2d at 66, 70-71; *see also Fruit-Ices Corp. v. Coolbrands Int'l Inc.*, 335 F. Supp. 2d 412, 419-20 (S.D.N.Y. 2004) (finding that plaintiff had adequately identified its trade dress as including "its clear wrapper, a picture of fruit in a life-like pose conveying the flavor of the bar, FrozFruit's rainbow logo with fruit appearing in rainbow text and 'Froz' appearing in blue text, a yellow banner announcing 'CHUNKS OF FRUIT' or 'REAL FRUIT' in black capital lettering and a banner announcing that the product is a 'GOURMET FRUIT BAR'").  Pernod Ricard has been far more specific.

Courts "have been reluctant to extend trade dress protection to a product's design (as opposed to its packaging)." *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 561 (S.D.N.Y. 2009); *see also Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205

(2000) (holding that product design is entitled to protection as unregistered trade dress only if it has acquired secondary meaning); *Elements/Jill Schwartz, Inc. v. Gloriosa Co.*, No. 01 Civ. 904(DLC), 2002 WL 1492197, at *4 (S.D.N.Y. July 15, 2002) ("[i]n extending protection to product designs, courts are to exercise 'particular caution'").  But, that is not what Pernod Ricard seeks to protect in this case.  Rather, Pernod Ricard seeks to protect its bottle design, a form of trade dress that long has been recognized as worthy of protection.  *E.g., Nora Bevs.*, 164 F.3d at 743 (water bottle as packaging); *Sally Beauty Co. v. BeautyCo, Inc.*, 304 F.3d 964, 977 (10th Cir. 2002) (beauty product bottle as packaging); *Abbott Labs. v. Unlimited Bevs., Inc.*, 218 F.3d 1238, 1240 (11th Cir. 2000) (electrolyte solution bottle as packaging); *Pfizer Inc. v. L. Perrigo Co.*, 988 F. Supp. 686, 697 (S.D.N.Y. 1997) (medicine bottle as packaging); *Fiji Water Co. v. Fiji Mineral Water USA LLC*, No. SACV09-1148 CJC MLGX, 2010 WL 3835673, at *4 (C.D. Cal. Sept. 30, 2010) (water bottle as packaging).  For that reason, the various cases cited by Luxco, in which parties were unable to protect ideas, concepts and product configuration, are not on point.  *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001) (jewelry design); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 379 (2d Cir. 1997) (furniture design); *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 33 (2d Cir. 1995) (rejecting plaintiff's effort to protect the "idea or concept" of "die-cut photographic greeting cards"); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 407-08 (S.D.N.Y. 2009) (jeans design); *Nat'l Lighting Co.*, 601 F. Supp. 2d at 561-63 (lighting fixture design); *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657(JG), 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006) (wig design); *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535 (S.D.N.Y. 2003) (pants design).[2]

---

[2]  In the one packaging case cited by defendant, *Mana Prods., Inc. v. Columbia Cosmetics*

6

Defendant relies heavily on *Sherwood 48 Associates v. Sony Corp. of America*, 76 F. App'x 389 (2d Cir. 2003), but that decision actually illustrates the weakness of defendant's argument. In *Sherwood 48*, plaintiff property owners alleged trade dress infringement of the "overall look" of several buildings. *Id.* at 391. The plaintiffs vaguely characterized their trade dress as consisting of "the unique configuration and ornamentation" and "the advertising and signage display" of the buildings, without identifying any particular elements of the configuration, ornamentation and display. *Id.* The Second Circuit rightly held that this "vague and overbroad articulation" was not sufficient to identify any trade dress at issue. *Id.* The present case is quite different. Here, Luxco argues that Pernod Ricard has provided inconsistent lists of very specific elements, Def. Br. 4-5, but it cites no instance in which a court has granted a motion to dismiss on such a basis.

### III. Pernod Ricard Has Pleaded Fame As An Element Of Its Federal Trade Dress Dilution Claim

Luxco argues that Pernod Ricard's trademark dilution claims should be dismissed because the Amended Complaint does not plead facts sufficient to show the fame of the MALIBU® trade dress.[3] The Amended Complaint's fame allegations are more than sufficient to survive a motion to dismiss. Moreover, the question of fame is a fact-intensive question for resolution at trial, and is not an appropriate subject for a motion to dismiss.

---

*Mfg., Inc.*, 65 F.3d 1063 (2d Cir. 1995), the Second Circuit held on summary judgment that the plaintiff's black, rectangular cosmetic cases were not inherently distinctive and that plaintiff's advertising budget and a single customer's affidavit were not sufficient evidence of secondary meaning to create an issue for trial. 65 F.3d at 1071. The present motion is a motion to dismiss, and Pernod Ricard has alleged that it has survey evidence demonstrating secondary meaning in the MALIBU® trade dress. Amended Complaint ¶ 16.

[3] Luxco has abandoned its attempt to argue, as set forth in its letter of December 30, 2010, that the Amended Complaint does not adequately plead that the trade dress is distinctive.

7

On the face of the Amended Complaint, Pernod Ricard has properly alleged fame and has stated a claim under the Trademark Dilution Revision Act ("TDRA").  In order to state a claim for trademark dilution, a complaint must allege "both the famousness of the marks and dilution either by blurring (association impairing the distinctiveness of its marks) or tarnishment (association weakening the reputation of the marks)."  *Shelby v. Factory Five Racing, Inc.*, 684 F. Supp. 2d 205, 216 (D. Mass. 2010).  Defendant does not contest that Pernod Ricard has adequately alleged dilution.

Contrary to Luxco's assertion, Pernod Ricard has pleaded facts sufficient to allege fame.  The TDRA lays out nonexclusive factors to be considered in determining fame, including (i) "[t]he duration, extent, and geographic reach of advertising and publicity of the mark," (ii) "[t]he amount, volume, and geographic extent of sales," (iii) "[t]he extent of actual recognition of the mark," and (iv) "[w]hether the mark was registered … on the principal register."  15 U.S.C. § 1125(c)(2)(A).  Pernod Ricard has pleaded facts addressing each of the statutory factors for fame.

The Amended Complaint alleges that the distinctive MALIBU® trade dress has been used for twenty-five years throughout the United States.  Amended Complaint ¶¶ 5, 45.  It alleges that Pernod Ricard spent approximately $36 million promoting the MALIBU® brand in the United States in fiscal year 2007-2008, and that Pernod Ricard spent even more on advertising and promotion in the two subsequent years.  *Id.* ¶ 20.  It alleges that net sales of MALIBU® beverages in fiscal year 2007-2008 "reached more than $130 million, representing the sale of more than 16 million liters of MALIBU® rum."  *Id.* ¶ 21.  It alleges that "the MALIBU® trade dress has a high degree of recognition among the general consuming public of the United States."  *Id.* ¶ 45.  It alleges that the MALIBU® trade dress is registered with the PTO.  *Id.* ¶ 13

8

& Ex. A.  Finally, it alleges that the Permanent Injunction and Final Judgment in another case before this Court included a predicate finding that "[t]he MALIBU® trade dress is famous amongst the general consuming public."  *Id.* ¶ 32 & Ex. D.

With these allegations, Pernod Ricard has pleaded more than sufficient facts to survive a motion to dismiss.  The issue of fame is a fact intensive inquiry, and should normally be an issue for trial.  *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 773 (N.D. Ill. 2008) ("Given the factual inquiry necessary to determine whether a trademark is 'famous' for the purposes of [the TDRA], the court declines to make such a determination on a motion to dismiss …").  The allegations in the Amended Complaint are comparable to evidence that has been found sufficient to establish fame in other cases.  *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368, 374, 391 (S.D.N.Y. 2008) (finding fame of plaintiff's mark at summary judgment stage where total U.S. handbag sales from 2003-2006 were almost $145 million).  The pleading standard is not intended to be a high bar.  "To survive a motion to dismiss, a plaintiff need only comply with the notice pleading standard, that is, the complaint must notify the defendant of the theory behind the claims alleged and the basic ground upon which they rest."  *WMH Tool Group, Inc. v. Woodstock Int'l, Inc.*, No. 07 C 3885, 2007 WL 4117738, at *2 (N.D. Ill. Nov. 14, 2007) (finding fame adequately pleaded); *see also Twombly*, 550 U.S. at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face").

The cases cited by Luxco do not support its argument.  None of the cases are decisions on a motion to dismiss, and none of them address the adequacy of the pleadings.  One of the cases Luxco cites involved an application for a preliminary injunction, *TCPIP Holding Co. v. Harr Comm., Inc.*, 244 F.3d 88, 99 (2d Cir. 2001) ("express[ing] no view whether TCPIP may be

9

capable of showing at trial that its mark is 'famous' within the meaning of the statute, if it submits appropriate evidence"), and two others were summary judgment decisions, all postures very different from a motion to dismiss.  *Savin Corp. v. Savin Group*, 391 F.3d 439, 450 (2d Cir. 2004) (finding evidence of fame sufficient for dilution claim to survive motion for summary judgment); *Network Network v. CBS, Inc.*, No. CV 98-1349 NM(ANX), 2000 WL 362016, at *3 (C.D. Cal. Jan. 18, 2000) ("[dilution claimant] has not set forth *any* evidence of the famousness of its mark as of 1989") (emphasis added).

      Finally, Luxco incorrectly states that the Amended Complaint does not allege that the MALIBU® trade dress was famous prior to defendant's introduction of its diluting trade dress. Def. Br. 7.  Although pleading "[s]pecific dates as to when the trade dress became famous or when Defendant[] began using the trade dress is not necessary under the pleading standard," *WMH*, 2007 WL 4117738, at *2, the Amended Complaint alleges that the MALIBU® trade dress has been in use for twenty-five years, ¶¶ 5, 45, whereas defendant introduced its current diluting trade dress only in 2007.  *Id.* ¶ 30.  The Amended Complaint further alleges millions of dollars in sales and advertising expenditures for MALIBU® beverages in the very year that defendant introduced its current trade dress.  *Id*. ¶¶ 20-21.

      At most, defendant's argument goes to whether the Amended Complaint pleads a dilution claim against its pre-2007 trade dress.  Pernod Ricard does believe that the pre-2007 trade dress for Admiral Nelson's coconut rum was diluting, but this goes to the appropriate scope of injunctive relief, not to whether Pernod Ricard has stated a claim.  Even if Pernod Ricard were required to plead its dilution claim based on defendant's pre-2007 trade dress, courts have not required that the date at which a trade dress acquired fame be established at the pleading stage.

*WMH*, 2007 WL 4117738, at *2; *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 240-41 (S.D.N.Y. 2000).

### IV. Pernod Ricard Has Adequately Pleaded Its State Law Claims

Pernod Ricard has adequately pleaded its state law claims. The Amended Complaint adequately pleads trade dress infringement under New York State law for the reasons stated above. *See* pages 3-7, *supra*. Moreover, as this Court has held, fame is not required to plead trade dress dilution under New York State law. *Karam Prasad, LLC v. Cache, Inc.*, No. 07 Civ. 5785 (PAC), 2007 WL 2438396, at *3 (S.D.N.Y. Aug. 27, 2007). Defendant does not argue that Pernod Ricard's state unfair competition claim is otherwise inadequately pleaded.

The Amended Complaint also adequately pleads deceptive acts and practices in violation of New York General Business Law § 349. As this Court and others have held, sales of an infringing product in New York are sufficient to support a claim under Section 349. *Burberry Ltd. v. Designers Imports, Inc.*, No. 07 Civ. 3997(PAC), 2010 WL 199906, at *8 (S.D.N.Y. Jan. 19, 2010); *GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273, 301-02 (S.D.N.Y. 2002); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 631 F. Supp. 735, 749 (S.D.N.Y. 1985); *Vitabiotics, Ltd. v. Krupka*, 606 F. Supp. 779, 785 (E.D.N.Y. 1984). The Amended Complaint alleges such sales, ¶ 7, and also alleges that defendant has conducted "an unlawful campaign to lure consumers into purchasing its ADMIRAL NELSON'S coconut rum product … under the mistaken belief that it comes from, is sponsored by, or is associated or affiliated with, the MALIBU® brand." Amended Complaint ¶ 2; *see also id.* ¶¶ 4, 36. This is sufficient to plead a Section 349 claim.

## **Conclusion**

For the reasons discussed above, Pernod Ricard respectfully requests that the Court deny defendant's motion to dismiss in its entirety.  In the event the Court determines the Amended Complaint is deficient in any respect, Pernod Ricard respectfully requests an opportunity to replead in accordance with FED. R. CIV. P. 15(a) ("leave shall be freely given when justice so requires").

Dated: February 4, 2011
       New York, New York

              Respectfully submitted,

              DEBEVOISE & PLIMPTON LLP


              By:  /s/ David H. Bernstein
                 David H. Bernstein (dhbernstein@debevoise.com)
                 S. Zev Parnass (szparnass@debevoise.com)
                 Christopher J. Hamilton (cjhamilton@debevoise.com)
              919 Third Avenue
              New York, New York 10022
              (212) 909-6696 (telephone)
              (212) 521-7696 (facsimile)

              *Attorneys for Plaintiff Pernod Ricard USA, LLC*