UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERNOD RICARD USA, LLC, | ) |
| Plaintiff, | ) |
| v. | ) 10 Civ 1567 (PAC) |
| LUXCO, INC., | ) |
| Defendant. | ) |

**DEFENDANT LUXCO, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Phone: (212) 554-7800
Facsimile: (212) 554-7700

and

Michael R. Annis (admitted *pro hac vice*)
Alan S. Nemes (admitted *pro hac vice*)
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
Saint Louis, MO  63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

*Attorneys for Defendant, Luxco, Inc.*

861028v2  012825.0101

## TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities .............................................................................................. ii

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 2

    I.    Legal Standard ............................................................................... 2

    II.   Plaintiff's Claims, All of Which Rely on Purported Trade Dress Rights, Must be Dismissed Because Plaintiff Has Failed to Plead A "Precise Expression" of its Trade Dress(es) as Required by the Second Circuit ................................................................................ 3

        A.    Regardless of The Character of Its Product, Plaintiff Must Provide a "Precise Expression" Listing Each of the Elements Claims Constitute Its Protected "Trade Dress" And Cannot Rest on So-Called "Key Elements" ............................................. 4

        B.    Allowing Plaintiff to Proceed Without a "Precise Expression" Listing All Elements of Their Allegedly Infringed Trade Dress(es) Would Leave Luxco on "Shifting Sands" Without Adequate Notice of Plaintiff's Claims ........................................ 6

    III.  Plaintiff Has Failed to Sufficiently Plead that Any of Its Trade Dresses are Famous. ......................................................................... 9

    IV.  Plaintiff States Law Claims Fail for Precisely the Same Reasons─ They Fail to Properly Identify the Dress in Question ..................... 10

Conclusion ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Aschcroft v. Ibqal*, 129 S. Ct. 1937 (2009) .......................................................................... 9

*Bd. Of Regents, Univ. of Texas Sys. v. KST Elec., Ltd.*
550 F. Supp. 2d 657 (W.D. Tex. 2008) ............................................................................... 9

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ................................................................ 2

*Best Cellars, Inc. v. Wine Made Simple, Inc.* 320 F. Supp. 2d 60 (S.D.N.Y. 2003) ............. 4

*Dan Foam A/S v. Brand Named Beds, LLC* 500 F. Supp. 2d 297 (S.D.N.Y. 2007) ............. 10

*Deere & Co. v. MTD Holding, Inc.*, No. 00-Civ-5936, 2003 WL 22439778
(S.D.N.Y. Oct. 28, 2003) .................................................................................................... 8

*Fruit-Ices Crop. V. Coolbrands Int'l Corp.*, 335 F. Supp. 2d 412 (S.D.N.Y. 2004) ............ 5,8

*Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ.1909 (JGK), 2009 WL 2486054
(S.D.N.Y. Aug. 14, 2009) ................................................................................................... 4,6,7

*Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373 (2d Cir. 1997) .................. 2,4,7

*Nora Beverages, Inc. v. Perrier Group of Am., Inc.,*
164 F.3d 736 (2d Cir. 1998) ............................................................................................... 4,5

*Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159 (1995) ................................................. 8

*Sherwood 48 Assoc. v. Sony Corp. of Am.,* 76 Fed. Appx. 389 (2d Cir. 2003) ..................... 2

*Sleep Science Partners*, No. 09-04200 CW, 2010 WL 1881770
(N.D. Cal. May 10, 2010) .................................................................................................. 6,7,8,9

*Telebrands Corp. v. Del Labs, Inc.,* 719 F. Supp. 2d 283 (S.D.N.Y. 2010) .......................... 2,7,9

*Thompson v. V.E.W. Ltd, Coty, Inc.,* No. . 06 Civ. 15336 (PAC), 2007 WL 1746739
(S.D.N.Y. June 15, 2007) ................................................................................................... 1,4,10

*Treat, Inc. v. Dessert Beauty,* No. 05-923-PK, 2006 WL 2812770
(D. Or. May 5, 2006) .......................................................................................................... 4

*Wal-Mart Stores, Inc. v. Samara Bros. Inc.* 529 U.S. 205 (2000) ...................................... 8

*WMH Tool Group, Inc.*, No. 07C3885, 2007 WL 4117738
(N.D.Ill.Nov. 14, 2007) ................................................................................................ 10

*Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101 (2d Cir. 2001) .......................................... 2,7

**Federal Statutes**

15 U.S.C. § 1114 ................................................................................................................. 7

Defendant, Luxco, Inc. ("Luxco" or "Defendant"), submits this reply memorandum in support of its motion to dismiss the Amended Complaint of Plaintiff, Pernod Ricard USA, LLC ("Plaintiff" or "Pernod").

### INTRODUCTION

The Second Circuit requires plaintiffs asserting a trade dress to "articulate the specific elements which comprise its distinct dress" *Thompson v. V.E.W. Ltd, Coty, Inc.*, No. 06 Civ. 15336 (PAC), 2007 WL 1746739, at *3 (S.D.N.Y. June 15, 2007) (internal quotations omitted) (Crotty, J.).  Plaintiff's complaint fails to meet this requirement, fails to provide adequate notice to Luxco, and fails as a matter of law.

Plaintiff concedes that its Amended Complaint identifies at least five different trade dresses.  As shown by Plaintiff, these separate trade dresses have different elements, including:

- (1) A white bottle **and** (2) a brown cap **and** (3) a brown font **and** (4) descriptive phrases such as "Caribbean Rum" (Amended Complaint, [Dkt. 16-1], at ¶ 3); and/or

- (1) A white bottle (regardless of the shape of the bottle), **and** (2) a brown cap, **and** (3) the word MALIBU in a brown font; (*Id.* at ¶ 13); and/or

- (1) A white bottle **and** (2) brown cap **and** (3) brown font in combination (*Id.* at ¶¶ 22, 29 and 32); and/or

- (1) A white bottle **and** (2) brown cap combination (*Id.* at ¶¶ 31, 33); and/or

- (1) A white bottle **alone**.  (*Id.* at ¶¶ 25, 30.).

Instead of simply identifying the trade dresses at issue for its various causes of action, Plaintiff argues that (1) "packaging" trade dress is somehow exempt from notice pleading requirements of the Second circuit; and (2) by identifying a half-dozen trade dresses

1

perhaps with overlapping "key elements" (a term coined by Plaintiff), Plaintiff's Amended Complaint can avoid dismissal.

In short, Plaintiff's arguments fall flat. First, Plaintiff provides no reason for the Court to recognize a novel exception for pleading trade dress infringement depending upon the nature of the subject trade dress. In fact, even a cursory look at the authority Plaintiff cites shows that there is no such "exception" at all. Second, an incomplete or changing articulation of "trade dress" not only fails to put Luxco on notice of the claims at issue, but also requires Luxco "to mount a defense upon shifting sands." *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 301 (S.D.N.Y. 2010). Plaintiff's arguments turn notice pleading on its head.

As explained more fully below, Pernod does not adequately set forth *each* of the "specific elements" of the trade dress as required by the law of the Second Circuit and dismissal is proper.

## ARGUMENT

### I.  Legal Standard

The Second Circuit requires a plaintiff who alleges claims based on trade dress to "offer a precise expression of the character and scope of the claimed trade dress" in its complaint. *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003) (*citing Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 115-16 (2d Cir. 2001) *and quoting Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir.1997)).

Plaintiff inexplicably takes issue with Luxco's citation to *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), but does not explain how Luxco's statement of the

minimum legal standard for pleading is incorrect. (Plaintiff's Opp. to Mot. to Dismiss ("Opp.") [Dkt. 25], at p. 3 n.1). Regardless of Plaintiff's effort, it, does not disagree that the requirement to provide a "precise expression" of the alleged trade dress "pre-dates the Supreme Court's decision in . . . *Twombly*." (Mem. in Supp. of Motion to Dismiss ("Mem."), [Dkt. 15] at p. 1 n.1).

II. **Plaintiff's Claims, All of Which Rely on Purported Trade Dress Rights, Must be Dismissed Because Plaintiff Has Failed to Plead a "Precise Expression" of its Trade Dress(es) as Required by the Second Circuit.**

Plaintiff's claims fail for the simple reason that it pleads only that its trade dress(es) consists of a "white bottle" plus, maybe, some other features. This is not the "precise expression" required to put Luxco on notice of Plaintiff's claims. In fact, nowhere in its Complaint or Opposition does Plaintiff provide a "precise expression" of **all** of the elements comprising each of its allegedly protectable trade dresses.

Instead, Plaintiff begins by suggesting that they have provided "the defining elements" of their trade dress, including "an opaque white bottle topped with a brown cap and featuring brown words on the label," (Opp. at p. 4), but then concede that there are at least *five* different descriptions of this alleged "trade dress" in the Complaint. Plaintiff then suggests that these five different descriptions identify the *same* trade dress, and in the next breath contradicts this statement, arguing that it is not limited to "a single trade dress," and these descriptions may constitute *separate* claims of trade dress infringement. (Opp. at p. 5). At the very least, Luxco is entitled to know which of these half-dozen trade dresses apply to which of Plaintiff's causes of action. In any case, Plaintiff's failure to list all of the specific elements constituting each trade dress requires dismissal.

A. **Regardless of The Character of Its Product, Plaintiff Must Provide a "Precise Expression" Listing Each of the Elements it Claims Constitute Its Protected "Trade Dress" And Cannot Rest on So-Called "Key Elements."**

As this Court itself has previously held, "a plaintiff must articulate 'the specific elements which comprise its distinct dress,' and 'a precise expression of the character and scope of the claimed trade dress.'" *Thompson*, 2007 WL 1746739, at *3 (*quoting Landscape Forms, Inc.,* 113 F.3d at 381). This Court held that failure to provide a "precise expression" in the Complaint requires dismissal for failure to state a claim. *Id.*; *accord Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ.1909 (JGK), 2009 WL 2486054, at *6 (S.D.N.Y. Aug. 14, 2009) (failures to indicate **the specific and "unique combination of features"** that comprise a trade dress requires dismissal). (emphasis added). The same is true here.

To provide adequate notice, a plaintiff must "**specifically define the list of elements** that comprise the trade dress." *Treat, Inc. v. Dessert Beauty*, No. 05-923-PK, 2006 WL 2812770, at *14-*15 (D. Or. May 5, 2006) (emphasis added) (*citing Best Cellars, Inc. v. Wine Made Simple, Inc.,* 320 F. Supp. 2d 60, 69 (S.D.N.Y.2003)). Plaintiff desperatley contends, contrary to uniform application of this well-worn standard, that these pleading rules somehow do not apply to "bottle design" or packaging cases. None of the cases Plaintiff cites support such an exception in any respect whatsoever.[1]

---

[1] Plaintiff quotes *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 745 (2d Cir. 1998) badly out of context to support this argument. (Opp. at p. 5) (suggesting that the court "may" consider bottle shape alone). In context, *Nora* stands for exactly the opposite proposition—that Plaintiff must provide a *comprehensive list of elements* for each allegedly protectable trade dress:

> [Plaintiff] admits, as it must, that its trade dress includes its label. Individual elements of a product's trade dress such as the shape of the NAYA bottle may be eligible for trademark protection in their own right, **but in an action for trade dress infringement each aspect should be viewed in relation to the entire trade dress**.

In fact, Plaintiff's argument that they provide adequate notice by trotting out a half-dozen *different* trade dresses—some with overlapping "key" elements, some with undisclosed elements—turns the definition of well-pleaded "trade dress" on its head. The cases cited by Plaintiff show that "trade dress" is supposed to be a ***comprehensive*** list of *all* elements (not just so-called "key" elements) comprising the specific dress at issue:

> A product's trade dress encompasses the design and appearance of the product **together with all of the elements** . . . [i]t is not the individual elements, viewed in isolation, that make up a product's trade dress but the overall impression of **each of the elements** in combination with one another that constitutes a product's trade dress.

*Fruit-Ices Crop. v. Coolbrands Int'l Corp.*, 335 F. Supp. 2d 412, 419 (S.D.N.Y. 2004).

Plaintiff suggests that it has "articulated its trade dress even more precisely than did the plaintiff in *Best Sellers*." (Opp. at p. 5). In fact, a side-by-side comparison of trade dress definitions demonstrate that Plaintiff's attempt to limit its trade dress descriptions to so-called "key elements" (*see* Opp. at pp. 2, 5) is insupportable.

| **Pernod's "Key Elements"** **(Opp. at pp. 2)** | ***Best Sellers*' "Precise Expression"** **320 F. Supp. 2d at 70 (cited in Opp. at p. 5)** |
|---|---|
| The Amended Complaint repeatedly identifies the key elements of the MALIBU® trade dress as the opaque white bottle and also a brown cap and the use of a brown font for the product name and descriptive phrases. | The trade dress for which Best Cellars claims protection . . . it describes as: (1) eight words differentiating taste categories; (2) eight colors differentiating taste categories; (3) eight computer manipulated images differentiating taste categories; (4) taste categories set above display fixtures by order of weight; (5) single display bottles set on stainless-steel wire pedestals; (6) square 4″x4″ cards with verbal descriptions of each wine ("shelf talkers") with text arranged by template; (7) shelf talkers positioned at eye level, below each display bottle; (8) bottles vertically aligned in rows of nine; (9) storage cabinets located beneath vertically aligned bottled; (10) materials palette consisting of light wood and stainless steel; (11) mixture of vertical racks and |

*Nora Beverages, Inc.*, 164 F.3d 736 at (emphasis added).

| Pernod's "Key Elements" (Opp. at pp. 2) | *Best Sellers*' "Precise Expression" 320 F. Supp. 2d at 70 (cited in Opp. at p. 5) |
|---|---|
| | open shelving display fixtures; (12) no fixed aisles; (13) bottles down and back-lit; and (14) limited selection (approximately 100) of relatively inexpensive wine. |

Unlike the plaintiff in *Best Cellars*, Pernod inconsistently uses various "key elements"—sometimes alone, sometimes with other elements. Had Pernod stuck with a sincere articulation of all of the elements that comprise the trade dress Luxco has allegedly infringed, the analysis would be different. As it stands, Plaintiff wrongly suggests that Luxco has not cited any cases requiring a "precise expression" of the trade dress instead of a half dozen distinct dresses with different "key elements." (*See* Opp. at p. 7). Plaintiff has it backwards; rather, "[t]he plaintiff cites no case that holds it is unnecessary to specify the elements of trade dress." *Heller, Inc.*, 2009 WL 2486054, at *6; *see also Sleep Science Partners*, No. 09-04200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010) (dismissing trade dress claims where plaintiff provided inconsistent descriptions of its trade dress without specifically identifying the elements comprising the alleged trade dress.).

> **B.     Allowing Plaintiff to Proceed Without a "Precise Expression" Listing All Elements of Their Allegedly Infringed Trade Dress(es) Would Leaves Luxco on "Shifting Sands" Without Adequate Notice of Plaintiff's Claims.**

That adequate notice of trade dress requires a "precise expression" listing of each of the specifics is of far more concern than passing academic interest—it is central to the character of the case, the course of discovery, and the protection accorded to each alleged trade dress. It serves to (1) preclude "the question of design and configuration" from "degenerat[ing] into a question of quality, or beauty, or cachet;" (2) assure that jurors

know "precisely what the plaintiff is trying to protect;" (3) allow courts to "winnow[] out claims that are overbroad as a matter of law;" (4) enable courts to shape relief that is "narrowly tailored" to the "distinctive combination of ingredients deserv[ing] protection;" and (5) provide defendants (and competitors) with "fair notice" of how to defend against (and avoid) allegations of infringement. *See Yurman Design, Inc.*, 262 F.3d at 116-17 (quoting *Landscape Forms*, 113 F.3d at 381).

Most important for the pleading stage, of course, is appropriate notice. Simply put, inconsistent or incomplete descriptions of alleged trade dress make it impossible to defend against allegations of trade dress infringement. As aptly explained by Judge Buchwald, the "precise expression" of all elements constituting a trade is required because "[d]efendants in civil litigation should not be expected to mount a defense upon shifting sands." *Telebrands Corp.*, 719 F. Supp. 2d at 301; *see also Sleep Science Partners*, 2010 WL 1881770, at *3 (granting motion to dismiss because of shifting and inconsistent descriptions of trade dress in complaint). Pernod pleads nothing more than these "shifting sands."

For example, Count I of Pernod's Amended Complaint—Trade Dress Infringement under 15 U.S.C. § 1114—requires that the trade dress at issue be registered. The claim must be predicated on a registration of the specific dress at issue with the U.S. Patent and Trademark Office. § 1114(1)(a) (providing a claim for "a registered mark" only). Plaintiff has a registered trade dress which it attached to the Amended Complaint. Surprisingly, *none* of the various trade dresses identified by Plaintiff in its Opposition is a registered trade dress, making dismissal of Count I on this ground proper.[2]

---

[2] Attaching the registered dress as an exhibit to the Complaint does not save Plaintiff from dismissal. *Heller Inc.*, 2009 WL 2486054, at *6-*7 (dismissing a claim of trade dress where Plaintiff attached a

By way of further example, Plaintiff must show that its trade dress is *either* (1) inherently distinctive *or* (2) that it has acquired secondary meaning. *E.g. Fruit-Ices Corp.*, 335 F. Supp. 2d at 418. A number of the distinct trade dresses referenced by Pernod cannot be inherently distinctive as a matter of law,[3] because the trade dresses are nothing more than a combination of colors. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S.159, 162-63 (1995); *accord Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000) ("[W]ith respect to at least one category of mark – colors – we have held that no mark can ever be inherently distinctive."); *see also Deere & Co. v. MTD Holding, Inc.*, No. 00-Civ-5936, 2003 WL 22439778 at *2 (S.D.N.Y. Oct. 28, 2003) (holding that "a combination of colors…can never be inherently distinctive" and denying plaintiff's motion to amend its complaint as futile after initial dismissal of plaintiff's federal dilution claims). Obviously, the nature and elements of the trade dresses at issue in the case will affect the scope of trade dress protection, litigation strategy, and the nature of discovery.

Indeed, the time, expense, and trouble caused by shifting trade dress allegations is the very reason courts require a "precise expression" of each alleged trade dress in the complaint. *Sleep Science Partners v. Lieberman* expressly identifies this rationale to support an order dismissing claims of trade dress infringement:

> **Although it has cataloged several components of its website, Plaintiff has not clearly articulated which of them constitute its purported trade dress**. Notably, Plaintiff employs language suggesting that these components are only some among many, **which raises a question of whether it intends to redefine its trade dress at a future stage of litigation**.

---

registered mark to complaint because "[r]egistration . . . does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress.").

[3] Plaintiff suggests that Luxco has "abandoned" its argument on distinctiveness. (Opp. at p.7 n.3). Luxco does not concede that any of the trade dress(es) identified by Plaintiff are distinctive; rather, Luxco was unsure what exactly constituted Plaintiff's trade dress.

2010 WL 1881770, at *3 (emphasis added); *cf. Telebrands Corp.*, 719 F. Supp. 2d at 301 (Requiring plaintiff to precisely articulate its trade dress prior to engaging in discovery because "[d]efendants in civil litigation should not be expected to mount a defense upon shifting sands.").

If Pernod is able to provide a "precise expression" of the trade dress (or trade dresses) at issue in this case, now is the time to require it—before the parties and the Court waste time chasing Plaintiff's shifting and amorphous allegations. If Plaintiff is unable to provide such a "precise expression," dismissal is proper.

### III. Plaintiff Has Failed to Sufficiently Plead that Any of Its Trade Dresses are Famous.

Plaintiff's conclusory assertion that one of its unspecified trade dresses is famous is insufficient as a matter of law. In fact, the generality of Plaintiff's claim reveals its infirmity. Plaintiff's sole argument is that it need not prove that its trade dress is famous at this stage. (Opp. at p. 10). While technically true, this argument is misleading and beside the point. Plaintiff *does* have to plead facts to show that its dilution claim is facially plausible—or at least conceivable. *See Aschcroft v. Ibqal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Plaintiff has not done so.

The federal antidilution statute—and the cases interpreting it—set an extremely high bar for fame, consistent with Congress's express intent to limit dilution claims. *See, e.g., Bd. of Regents, Univ. of Texas Sys. v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008) (reasoning that the statute does not apply if the fame of a mark is "at all in doubt"). A facially implausible claim warrants dismissal, especially where the claim could otherwise become an anti-competitive weapon, and Congress has

deliberately narrowed its application. *See generally*, *Dan Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296 307 n.90 (S.D.N.Y 2007) (describing that Congress has narrowed the reach of the antidilution statute).  Plaintiff's cursory pleading of the statutory factors cannot save its claim.

Furthermore, Plaintiff concedes that it must establish that its trade dress became famous *prior* to Luxco's use, but argues instead that it need not plead this requirement. Plaintiff's citations are inapposite.  In *WMH Tool Group, Inc. v. Woodstock Intern., Inc.*, for example, the Court held that while identifying "specific dates" was not necessary, the Court confirmed that plaintiff must at least "allege[] that the [d]efendants' use of the trade dress occurred after it became famous."  *WMH Tool Group, Inc.*, No. 07 C 3885, 2007 WL 4117738, at *2 (N.D. Ill. Nov. 14, 2007).  Unlike the Plaintiff in *WMH Tool Group*, Plaintiff has not alleged that its trade dress become famous prior to Luxco's use.

### IV.     Plaintiff's States Law Claims Fail for Precisely the Same Reasons – They Fail To Properly Identify the Dress in Question

Plaintiff concedes that its State Law claims rise or fall with the issues of Plaintiff's trade dress.  (Opp. at p. 11).  As demonstrated above (pp. 3-9), Plaintiff has not pleaded "the specific elements which comprise its distinct dress, [or] a precise expression of the character and scope of the claimed trade dress," making dismissal proper. *Thompson*, 2007 WL 1746739, at *3.

### CONCLUSION

For the foregoing reasons, Defendant, Luxco, Inc., respectfully requests that each of Plaintiff's claims be dismissed in their entirety.

Dated: February 11, 2011

                        Respectfully submitted,

                        MOSES & SINGER LLP

                        By:   /s/
                        Philippe Zimmerman
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, New York 10174
                        Telephone: (212) 554-7800
                        Facsimile: (212) 554-7700

                                and

                        HUSCH BLACKWELL LLP
                        Michael R. Annis
                        (admitted *pro hac vice*)
                        Alan S. Nemes
                        (admitted *pro hac vice*)
                        190 Carondelet Plaza, Suite 600
                        St. Louis, MO 63105
                        Telephone:  (314) 480-1500
                        Facsimile:  (314) 480-1505


                        *Attorneys for Defendant, Luxco, Inc.*

861028v2  012825.0101